1828.

Ashworth
v.
Wrigley.

---

[*301]

*D. ASHWORTH AND OTHERS v. WRIGLEY.—J. ASHWORTH
AND OTHERS v. THE SAME.

Where a defendant in a bill for an account and payment of demands founded on contract, has been discharged under the non-imprisonment act, a writ of *ne exeat* against him will be discharged.[1]

The writ will not be retained on a single affidavit that a *certiorari* has been allowed for the purpose of reserving the discharge obtained under the insolvent act.

This court may hold the insolvent to bail in cases of fraud.

But whether it would retain a *ne exeat* on the affidavit of mere irregularity in obtaining the discharge? *Quære.*

Dec. 19th.

ON the first of October, 1828, bills were filed in these causes, calling upon the defendant for an account and satisfaction of the proceeds of the sales of certain goods assigned to him by the complainants respectively, as their agent or factor, to be sold. On the bill and the petition presented therewith, the injunction master allowed a *ne exeat*. On the fourth of October the defendant was discharged by the recorder of New York, under the non-imprisonment act;

[1] 2 R. S. (4th ed.) 210, sec. 10; see also *Luther* v. *Deyo*, 19 Wen. 629; *Hayden* v. *Palmer*, 24 Wen. 364; *O'Connor* v. *Lerbaine*, 3 Edw. Ch. 230.

and on the same day, and after the discharge, the defendant was arrested on the *ne exeat*, and compelled to give bail thereon. Upon an affidavit of these facts, the defendant's counsel moved to discharge the writs of *ne exeat*. The motion was opposed upon an affidavit that a *certiorari* had been allowed by one of the justices of the Supreme Court, for the purpose of reversing the discharge of the recorder, and that the defendant had not answered, but had procured orders for further time.

*D. Selden*, for the motion.

*H. Bleecker*, contra.

THE CHANCELLOR :—There is no allegation of fraud in these bills; they are simply for an account and payment of demands founded on contract. There is therefore nothing *to prevent the discharge, if valid, operating to exempt the body of the defendant from imprisonment for these demands. The mere fact that a *certiorari* has been allowed, without stating in what the proceedings before the recorder were erroneous, so that this court could judge whether there is probable cause to reverse the same, is not sufficient. The discharge is at least *prima facie* evidence that the defendant is exempt from imprisonment. If there was fraud or irregularity in obtaining it, there should have been an affidavit of the fact. Whether this court would have retained the writs on an affidavit of irregularity merely, it is not necessary now to inquire. Cases of fraud are provided for in the second section of the act. (Laws of 1819, page 116.)[1] This court may hold to bail upon evidence of fraud.

The writs of the *ne exeat* must be discharged.

[1] 2 R. S. (4th ed.) 210, sec. 10.